950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cecil A. PRESCOTT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3419.
 United States Court of Appeals, Federal Circuit.
 Nov. 26, 1991.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Petitioner appeals the decision of the Merit Systems Protection Board, Nos. SL08319010291 and SL08319010286, dated May 21, 1991. The Board affirmed an Office of Personnel Management determination that petitioner's Civil Service Retirement System annuity should not be adjusted to provide his former spouse with 25% of his survivor annuity. This court affirms the Board decision.
 
 
 2
 Petitioner retired from the Federal Aviation Administration in 1986. The following year, Alabama state court proceedings divorced Mr. Prescott from his wife. The judgment of divorce included a provision regarding Mr. Prescott's CSRS Annuity:
 
 
 3
 It is further ORDERED AND ADJUDGED that [Ms. Claussen] is entitled to 25% of [Mr. Prescott's] FAA Pension in the event of his death. That [Mr. Prescott] will provide proof of this to [Ms. Claussen's] attorney once he receives notice of the entitlement.
 
 
 4
 Petitioner asserts that the state court intended to provide Mr. Prescott's former spouse with 25% of the maximum surviving spouse's annuity, not 25% of his total annuity.
 
 
 5
 This court must uphold Board decisions unless: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedural laws, rules, or regulations; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 Both OPM and the Board considered extensively the meaning of the divorce's annuity provision. The Board determined that the divorce decree intended that petitioner's former spouse receive a survivor annuity of 25% of Prescott's retirement annuity at the time of his death. In accordance with the standard of review, this court finds nothing arbitrary, capricious, abusive, or illegal in the Board's decision. Therefore, this court discerns no basis to disturb the Board's decision. If, as Mr. Prescott argues, the intent of the divorce decree was to limit his former spouse's annuity to 25% of a surviving spouse's annuity, his recourse should be to seek clarification of the disputed clause in the decree from the Alabama state court.